|1DECUIR, Judge.
Michele Shelton appeals a judgment of divorce in favor of Robert W. Shelton based on living separate and apart in excess of six months on the grounds that she did not receive sufficient notice of the pendency of the divorce proceedings in compliance with due process requirements of the Louisiana Constitution, and that the trial court did not have jurisdiction of the parties pursuant to La.Code Civ.P. art. 10(A)(7). We find both of these assignments of error to be without merit.
Robert W. Shelton filed a petition for divorce on July 7, 1994, alleging to be a resident and domiciliary of Vernon Parish, Louisiana. The petition alleges that appellant and appellee were married on April 25, 1987, in the state of Virginia. No children were born of the marriage. At the time of filing of the petition, Mrs. Shelton resided in Tennessee. A hearing on the rule for preliminary injunction was set for August 1, 1994. A curator ad hoc was appointed to represent Mrs. Shelton and the curator filed an answer to the petition on August 1, 1994.
Addressing Mrs. Shelton’s first assignment of error, we note that the curator’s answer reflects that he forwarded correspondence by certified mail, return receipt requested, to Mrs. Shelton advising of his appointment to represent her interests in the divorce proceedings and enclosing a copy of the petition for divorce. The record reflects that the certified correspondence was refused by Mrs. Shelton on at least one occasion. The curator in his answer states he *385 spoke by telephone to someone purporting to be Mrs. Shelton who denied the allegations set forth in the petition. At the trial of the Rdivorce proceedings on August 9, 1994, the curator advised the court that he had spoken to Mrs. Shelton and explained everything to her so that she was aware of the divorce proceedings. Also, Mr. Shelton testified he had spoken to appellant by telephone prior to the hearing and that appellant was aware of the upcoming divorce proceedings. A judgment of divorce was rendered in favor of Mr. Shelton, reserving unto him the right to bring incidental matters. Based on our review of the record, we conclude that appellant received proper notice of the pendency of the divorce proceedings.
Mr. Shelton in his petition for divorce alleges to be a resident and domiciliary of the Parish of Vernon. At the hearing of the divorce proceedings, Mr. Shelton, who is in the military, testified that he resides at Fort Polk, Louisiana. Mrs. Shelton contends in her brief that: at the time of their marriage, Mr. Shelton was in the military; in 1986, Mr. Shelton was stationed at Fort Campbell, Kentucky; in 1990, he was transferred to Germany; and finally, Mr. Shelton was transferred to Fort Polk in the summer of 1993. La.Code Civ.P. art. 10 provides in pertinent part:
A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
[[Image here]]
(7) An action of divorce, if, at the time of filing, one or both of the spouses are domiciled in this state.
[[Image here]]
B. For purposes of Subparagraphs (6) and (7) of Paragraph A of this Article, if a spouse has established and maintained a residence in a parish of this state for a period of six months, there shall be a rebuttable presumption that he has a domicile in this state in the parish of such residence, (emphasis added)
Mrs. Shelton admits in her brief that Mr. Shelton was assigned to Fort Polk in the summer of 1993. Since the petition for divorce, wherein Mr. Shelton alleges to be a domiciliary of Vernon Parish, was filed in the summer of 1994, a presumption exists that Mr. Shelton was a domiciliary of Vernon Parish. That presumption was not rebutted. Therefore, Mrs. Shelton’s contention that the trial court lacked jurisdiction is likewise without merit.
Costs of appeal are assessed to appellant.
AFFIRMED.